IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TAKURA CAMPION MUGWENI and NOMAGUGU KANYANGU,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:08-CV-1889-L** |
| **WACHOVIA CORP., et al.,** | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendants Wachovia Corp.'s, Erica Tonnah's and G. Kennedy Thompson's Refiling of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 9 U.S.C. § 3 and/or Alternatively to Abate and/or Stay the Action, subject to Original Answer and Affirmative Defenses Already on File, filed November 24, 2008; (2) Plaintiff's request for documents and subpoena, filed November 24, 2008; and (3) Motion to [sic] Pretrial Conference, filed November 24, 2008. After carefully considering the motions and request, the court **grants in part** and **denies in part** Defendants Wachovia Corp.'s, Erica Tonnah's and G. Kennedy Thompson's Refiling of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 9 U.S.C. § 3; **denies as moot** Plaintiff's request for documents and subpoena; and **denies as moot** Motion to [sic] Pretrial Conference.

**I.    Factual and Procedural History**

Plaintiffs Takura Campion Mugweni and Nomagugu Kanyangu filed their petition in the 44th District Court of Dallas County, Texas, on September 9, 2008. Plaintiff brought claims of breach of contract and violation of "section 116.10" for "unreasonabl[e] detaine[r] in public on false

**Memorandum Opinion and Order - Page 1**

accusation"[1] against Defendants Wachovia Corporation, Daniela Sinkoski, Erica Tonnah, and G. Kennedy Thompson.[2]

Plaintiff Mugweni contends that he had an account with Wachovia and tried to withdraw money from the account on March 27, 2007. He alleges that he was told that his account was frozen and referred to the branch manager for assistance. Mugweni then contends that he called Tonnah, with Wachovia Loss Prevention, but she was gone for the day. According to Plaintiff, he spoke with Tonnah the next day, who told him to go back to the bank with two forms of identification. Mugweni contends he presented his passport and his Chase credit card to Sinoski, the branch manager. Plaintiff alleges that the bank wanted a government issued identification, so he left the bank to obtain a replacement Texas driver's license. He contends that Wachovia was not satisfied with his identification, the police were called, and he was detained and searched without consent. Mugweni alleges that the police were called regarding an active robbery and attempt to cash a fraudulent check.

Defendants removed the case to this court on October 22, 2008, based upon diversity jurisdiction. Defendants then moved to dismiss the case pursuant to Rule 12(b)(6) and 9 U.S.C. § 3, arguing that this action should be submitted to arbitration. Defendants contend that an arbitration agreement that was part of the Deposit Agreement and Disclosures for Personal Accounts (the "Deposit Agreement") mandates that Plaintiff Mugweni's claims be compelled to arbitration. Paragraph 25 of the Deposit Agreement sets forth the following:

---

[1] Plaintiffs do not specify the basis for their "Customer Unreasonably Detained in Public on False Accusation" claim. The court searched for, but did not find, a statutory section that might correspond to this claim.

[2] Plaintiffs name Wachovia, Sinkoski, Tonnah, and Thompson as defendants in the body of his petition, but omit Tonnah from the caption. The court considers Tonnah a Defendant despite her absence from the caption, and she has appeared and moved to dismiss Plaintiffs' claims. The clerk of the court is **directed** to change the docket sheet in this action to list Tonnah as a Defendant, not as a Movant.

**Memorandum Opinion and Order - Page 2**

> **Arbitration of Disputes/Waiver of Jury Trial and Participation in Class Actions**. If either you or we request, any dispute or claim concerning your account or your relationship with us will be decided by binding arbitration under the expedited procedures of the Commercial Financial Disputes Arbitration Rules of the American Arbitration Association (AAA), and Title 9 of the US Code. Arbitration hearings will be held in the city where the dispute occurred or where mutually agreed. A single arbitrator will be appointed by agreement of the parties, or, if the parties are unable to agree, by the AAA and will be a retired judge or attorney with experience or knowledge in banking transactions. Each party will pay its own costs and attorney's fees. A court may enter judgment on the award. Any statute or repose or limitations period which would provide a defense to a claim brought in a lawsuit in state or federal court will also apply with equal force and effect to any arbitration brought pursuant to this section.

Defs.' App. 86. Based on this portion of the Deposit Agreement, Defendants have move to dismiss Plaintiffs' claims, and Plaintiffs have also filed certain motions. The court now addresses the pending motions.

## II.   Motion to Dismiss

Defendants move to dismiss Plaintiff Mugweni's claims because they are subject to a valid arbitration agreement. They also move to dismiss Plaintiff Kanyangu's claims because they are defectively pleaded.

### A.   Arbitration

#### 1.   Existence of a Valid Arbitration Agreement

Under the Federal Arbitration Act, an agreement to arbitrate is "valid, irrevocable, and enforceable," provided that it is valid under general principles of state contract law and involves interstate commerce. 9 U.S.C. § 2. When the court evaluates a motion to compel arbitration, it must first determine whether the parties entered into a valid arbitration agreement. *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). A court must interpret an arbitration

agreement in accordance with "ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also Carter v. Countrywide Credit Indus., Inc.*, 362 F.2d 294, 301 (5th Cir. 2004). If the court finds that a valid arbitration agreement exists, it must then consider whether any external legal constraints preclude arbitration of the dispute in question. *Fleetwood*, 280 F.3d at 1073.

Defendants contend that the arbitration agreement in the Deposit Agreement is a valid arbitration agreement. Plaintiffs concede that the first prong – the existence of a valid arbitration agreement – is met. Accordingly, the court determines that there is a valid arbitration agreement between Plaintiff Mugweni and Defendants in the Deposit Agreement. The court determines that Plaintiff Kanyangu does not have any valid arbitration agreement with Defendants.

### 2.    Claims Within the Scope of the Arbitration Agreement

After determining that a valid arbitration agreement exists, the court must determine whether the dispute falls within the scope of the agreement. *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211 (5th Cir. 2003). "In determining whether the dispute falls within the scope of the arbitration agreement, ambiguities are resolved in favor of arbitration." *Fleetwood Enters.,* 280 F.3d at 1073 (internal quotation and citation omitted).

The arbitration agreement applies to "any dispute or claim concerning your account or your relationship with us." Defs.' App. 86. Defendants argue this broad language includes all of Plaintiff Mugweni's claims. Plaintiffs respond that their Fourth Amendment claim is not within the scope of the agreement.

The court determines that the arbitration agreement is very broad, but not so broad as to include what appears to be a false imprisonment claim brought against Defendants.[3] Because Plaintiffs are *pro se*, the court gives deference to their pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The arbitration agreement does cover all of Mugweni's other claims because they do arise out of his banking relationship with Defendants, but the court does not believe that a reasonable reading of the agreement contemplates a claim for an intentional tort. The false imprisonment claim is simply not one concerning Mugweni's account or relationship with Defendants. Accordingly, the court determines that all of Plaintiff's claims, except for his claim regarding unlawful detainer, should be submitted to arbitration. Accordingly, the court **grants in part** Defendants' motion and **dismisses with prejudice** Plaintiff Mugweni's claims, except for his possible claim for false imprisonment, against Defendants. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999). Because it is unclear if Mugweni attempts to assert a claim for an intentional tort against Defendants, the court determines that Mugweni must replead this remaining claim. The court therefore **orders** Mugweni to file an amended pleading no later than **May 15, 2009**. Failure to comply with this order will lead the court to dismiss Mugweni's claims pursuant to Rule 41 of the Federal Rules of Civil Procedure.

---

[3]Although Mugweni refers to the Fourth Amendment, he has not brought claims against any state actor that would give rise to a claim for a constitutional violation. His claim, however, could be one for common law false imprisonment. To bring such a claim under Texas law, a plaintiff must show: "(1) willful detention; (2) without consent; and (3) without authority of law." *Sears Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985) (citation omitted). Even if Mugweni does not take issue with the actions of the police, under some circumstances, a private citizen providing information to law enforcement officials can be liable for false imprisonment. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 508 (Tex. 2002).

**Memorandum Opinion and Order - Page 5**

### B.   Kanyangu's Claims

Defendants also move to dismiss Plaintiff Kanyangu's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  They contend that she described her claim as one for civil conspiracy in her response to their initial motion to dismiss.  They argue that any civil conspiracy claim must fail because she cannot amend her complaint through a response to a motion.  In response, Plaintiff states that she "continued to plead her 4th Amendment [sic] was violated when she was illegally detained."

The court has reviewed the briefing and Plaintiff's Complaint in light of the liberal pleading standards set forth by Rule 8 of the Federal Rules of Civil Procedure and the deference the court gives in reviewing pleadings brought by *pro se* litigants.  *Haines*, 404 U.S. at 520; *Estelle*, 429 U.S. at 106.  The court considers only the claims as pleaded because argument in a brief does not amend or supplement Kanyangu's claims.

The Complaint states that Kanyangu "was also detained in the bank lobby and questioned" by police officers "for more than an hour."  Plaintiffs then allege they were released.  In Count 3, Plaintiff Mugweni alleges that "his person and property were searched without consent violating the plaintiffs 4th Amendment.  And was later released without incident."

The court determines that Plaintiff Kanyangu has not pleaded a constitutional violation, nor has she named any state actor Defendants.  Construing the complaint liberally, however, she may be attempting to bring a claim for common law false imprisonment.  *Sears*, 693 S.W.2d at 375; *Wal-Mart*, 92 S.W.3d at 508.  The court finds that her claim, as pleaded, does not make her claim clear.  Rather than dismissing her claims, however, the court will grant Plaintiff Kanyangu leave to replead her claims so that the court can determine whether it can reasonably infer such a claim upon the facts

**Memorandum Opinion and Order - Page 6**

stated. Accordingly, the court **denies** Defendants' motion with respect to Plaintiff Kanyangu's claims, and Plaintiff is **directed** to file an amended complaint no later than **May 15 , 2009**. Failure to comply with this order will lead the court to dismiss Kanyangu's claims pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**III    Other Motions**

Plaintiff Mugweni also filed a request for court issuance of a subpoena on November 24, 2008, and a motion for pretrial conference, filed November 24, 2008. Plaintiff Kanyangu did not join these motions or sign them. Accordingly, the court **denies as moot** these motions because it has already determined that Mugweni's claims must be arbitrated.

**IV.    Conclusion**

For the reasons stated herein, the court **grants in part** and **denies in part** Defendants Wachovia Corp.'s, Erica Tonnah's and G. Kennedy Thompson's Refiling of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 9 U.S.C. § 3; **denies as moot** Plaintiff's request for documents and subpoena; and **denies as moot** Motion to [sic] Pretrial Conference. The court **orders** that Plaintiff Mugweni's claims, except for his possible claim for false imprisonment, be submitted to arbitration and therefore **dismisses** these claims **with prejudice**. The arbitration shall take place in accordance with the Deposit Agreement.

**It is so ordered** this 28th day of April, 2009.

Sam A. Lindsay
United States District Judge