IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAKURA CAMPION MUGWENI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:08-CV-1889-G (BF) |
| | ) |
| WACHOVIA COPR., et al., | ) |
| | ) |
| Defendants. | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATED MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. (Ord. March 31, 2010.) On September 9, 2008, Takura Campion Mugweni and Nomagugu Kanyangu ("Plaintiffs") filed this lawsuit in the 44th Judicial District Court of Dallas County, Texas, alleging claims for breach of contract, fraud, breach of fiduciary duty and good faith and fair dealing, and false imprisonment. (Docket 1.) On October 22, 2008, Defendants removed this matter to federal court, alleging complete diversity pursuant to the fraudulent joinder of Defendant Daniela Sinkoski. (*Id.*) Plaintiffs did not contest removal, and the parties, as well as the Court, proceeded as though Sinkoski had been dismissed from the case. However, the Court has yet to examine the matter of fraudulent joinder or issue an order dismissing Sinkoski as a defendant. Because a federal court does not have the authority to adjudicate claims without jurisdiction, the Court believes such analysis is imperative at this time. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447; *see also Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.*, 463 F. Supp. 2d 583, 587 (E.D. La. 2006) (finding that a court must *sua sponte* address the issue and remand the action back to state

court if it determines at any time that it lacks subject matter jurisdiction (citing *Ziegler v. Champion Mortgage Co.*, 913 F.2d 228 (5th Cir.1990))).

**Analysis**

Federal courts, being courts of limited jurisdiction, must have statutory or constitutional powers to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court lacks the power to adjudicate claims unless jurisdiction is conferred by statute. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1998)). The parties cannot waive a want of subject matter jurisdiction by consent, waiver, or any other means. *See Ziegler*, 913 F.2d at 229. At any level of the proceedings, a federal court must exercise its duty to determine whether it has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject matter delineations must be policed by the courts on their own initiative even at the highest level").

In an action which has been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The terms of 28 U.S.C. § 1441(a) permit the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." However, a party may not be "improperly or collusively" joined solely to establish or defeat federal jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc); *see also* 28 U.S.C. § 1359 ("A district court shall not have jurisdiction

2

of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."); *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914) (diverse defendants, upon showing that joinder of nondiverse party was "without right and made in bad faith," may successfully remove the action to federal court).

A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship with any one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992 (citations omitted)."To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood*, 385 F.3d at 572. The removal statute is strictly construed against removal, with all doubts resolved in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

Defendants removed this case to federal court based on diversity jurisdiction. However, Defendant Sinkoski is a resident of Texas, the same state of residency as Original Plaintiffs. In the Notice of Removal, Defendants argue that removal is proper due to the fraudulent joinder of Sinkoski as a defendant.

The party seeking removal bears the "heavy burden" of proving improper[1] joinder. *Smallwood*, 385 F.3d at 574 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573. The Fifth Circuit has "recognized two ways to establish improper

---

1. The Fifth Circuit has adopted "the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past." *Smallwood*, 385 F.3d at 568 n.1. Although the Fifth Circuit has explained that "there is no substantive difference between the two terms, 'improper joinder' is [the] preferred" term. *Id*. at 573.

joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id*. (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). With regard to the "inability to establish" method, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant which, stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. The Fifth Circuit explained, "To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not." *Id*.

To determine whether a plaintiff might be able to recover against the non-diverse defendant, a court should ordinarily "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law" against the non-diverse defendant.[2] *Id*. (citing *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004); *Parks v. N.Y. Times*, 308 F.2d 474, 478 (5th Cir. 1962)). A court may not dismiss a claim under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether dismissal should be granted, the court must presume all well-pleaded facts as true and must review them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To avoid dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

---

[2] In certain limited circumstances which are not present here, a court has the discretion to pierce the pleadings and conduct a summary inquiry. *See Smallwood*, 385 F.3d at 573.

(2007). These facts must be specific, rather than mere conclusory allegations, and must be enough to raise a right to relief above a speculative level. *See id.* at 555.

Defendants do not claim that Plaintiffs engaged in actual fraud in the pleading of jurisdictional facts. Rather, Defendants contend that Plaintiffs will not be able to establish a cause of action against Sinkoski in state court. Because Plaintiffs in this case are proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

In the Complaint originally filed in state court,[3] Plaintiffs claim that on March 27, 2007, Mugweni went to his bank, a branch of Wachovia, and tried to make a withdrawal. He was notified that his account had been frozen and was referred to the branch manager, Sinkoski. Sinkoski attempted to resolve the issue by calling Wachovia's "Loss Prevention" department. However, "the person on Plaintiffs [sic] case," Defendant Tonnah, was not available. The following day, Mugweni contacted Tonnah. Tonnah told him to return to the bank with two forms of identification. At the bank, Mugweni presented two forms of identification to Sinkoski, who faxed copies to Tonnah. Tonnah did not accept the two forms of identification and told Mugweni that he would need identification issued by the government. Mugweni left the bank and obtained a replacement Texas driver's license. He returned to the bank that afternoon. Sinkoski again faxed a copy to Tonnah.

---

[3] Existence of federal jurisdiction is determined from the complaint as it existed at the time of removal, not as subsequently amended. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326 (5th Cir. 1998).

5

Mugweni then claims that "after talking to two different people in loss prevention department, back and forth, they placed the plaintiff on [h]old. Whilst he was on hold, the police arrived." He then claims he was detained at the bank by the police, who told Mugweni that they were called "for an active robbery and attempt to cash a fraudulent check." He was searched without his consent and detained for more than an hour.

In the Complaint, Plaintiffs specifically bring claims for "breach of contract" and "customer unreasonably detained in public on false accusation." However, through a careful reading of the Complaint, it appears that they intend to assert claims for breach of contract, fraud, breach of fiduciary duty and good faith and fair dealing, and false imprisonment. The Complaint specifically discusses "defendants [sic] false accusation and unlawful detention and false imprisonment." It is unclear which claims the Plaintiffs intend to assert against each particular defendant. However, it is apparent from the Complaint that Sinkoski took part in the events that led to the alleged false imprisonment. Construing the allegations liberally, the Court believes Plaintiffs intended to assert a claim for false imprisonment against Sinkoski.

To succeed on a claim for false imprisonment under Texas law, a plaintiff must show: "(1) willful detention; (2) without consent; and (3) without authority of law." *Sears Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985) (citations omitted). Liability for false imprisonment can extend to (1) anyone who unlawfully arrests or detains another and (2) anyone who directs, requests, or participates in the arrest or detention. *See Wal-Mart Stores v. Rodriguez*, 92 S.W.3d 502, 507 (Tex. 2002); *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 754 (Tex. App.—Corpus Christi 1998, pet. denied). Plaintiffs claim that the police wilfully detained Mugweni , at the direction or request of Sinkoski, without his consent or the authority of law. The Complaint, viewed in the light most

favorable to Plaintiffs, states enough facts to state a claim to relief that is plausible on its face.

Defendants argue that Plaintiff cannot state a valid claim against Sinkoski because an employee can not be held liable for the debts of the employer. This argument is simply inapplicable to a claim of false imprisonment against Sinkoski. Defendants also contend that "at no time during the dates in question did Ms. Sinkoski . . . engage in any of the allegations claimed in Plaitniff's Petition. Ms. Sinkoski at all times acted in accordance with the terms of the Deposit Agreement." Defendants provide an affidavit in which Sinkoski declares that she followed bank procedure on the day in question. These arguments go to the merits of Plaintiffs' claims and are not appropriate considerations for the Court's improper joinder analysis. Finally, Defendants argue that Plaintiffs have failed to show that Sinkoski is a real party in interest to the case. However, Plaintiffs have asserted a claim for false imprisonment against Sinkoski. Clearly, she is a real party in interest.

The Court finds that there is a reasonable basis for Plaintiffs' claim of false imprisonment against Sinkoski. Therefore, Sinkoski is a properly joined defendant. This Court lacks subject matter jurisdiction, and remand is required at this time. The Court is mindful that the case was removed to federal court in 2008, more than two and a half years ago. Since that time, several claims were submitted to arbitration, and Plaintiff Kanyangu was dismissed from the case for failure to comply with a court order. However, the Court has no discretion to retain the case. As noted above, subject matter jurisdiction is a requirement that must be conferred by statute. Without it, the court has no authority to adjudicate these claims. 28 U.S.C. § 1447 mandates that the Court remand the case, no matter what stage the proceedings are at.

## **Recommendation**

The Court finds that subject matter jurisdiction is not present in this case and that removal

was improper. Therefore, Court recommends the case be REMANDED to state court.

SO RECOMMENDED, April 19, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE